IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GAIL E. PRYOR | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | NO.   08-2709 |

REPORT AND RECOMMENDATION

JACOB P. HART                                                                  DATE:   December 5, 2008
UNITED STATES MAGISTRATE JUDGE

Gail Pryor brought this action under 42 U.S.C. § 405(g) to review the decision of the Commissioner of Social Security denying her claim for disability insured benefits ("DIB").  The Commissioner has now filed a motion to dismiss her complaint for untimeliness.  For the reasons that follow, I recommend that this motion be granted.

I.      Factual and Procedural Background

In January, 2003, Pryor filed an application to obtain DIB, alleging disability as a result of seizures, nerve damage in her left arm, back pain, depression, and a torn ligament in her right foot.  Pryor v. Barnhart, Civ. A. No. 05-2603 (Report and Recommendation at 2).  As reflected in the Report and Recommendation prepared by the undersigned, Pryor had completed high school and two years of college, and had worked for fifteen years as a clerk and an insurance specialist for the Department of Veterans' Affairs.  Id. at 1.

Pryor's claim was denied initially, and again after *de novo* review by an Administrative Law Judge ("ALJ").  Id.  The Appeals Council admitted additional documents into the record, and reviewed them, but ultimately denied Pryor's request for review of the ALJ's decision.  Id.

Pryor then instituted an action in this court.  Pryor v. Barnhart, supra.  After reviewing the Report and Recommendation in this case, the Honorable Anita B. Brody remanded the matter to the agency on December 12, 2005, for further development of the record with regard to Pryor's left arm and mental impairments.  Pryor v. Barnhart, Civ. A. No. 05-2603 (Order of December 12, 2005).  However, upon remand, the ALJ once again denied Pryor's claim for benefits.  ALJ Decision, attached as Exhibit 1 to the Declaration of Donald Ortiz, accompanying the Commissioner's Motion.  Pryor sought review by the Appeals Council.

In a three-page letter dated January 26, 2008, the Appeals Council notified Pryor's attorney that it had denied review.  Letter of January 26, 2008, attached as Exhibit 2 to the Ortiz Declaration.  The letter states, in relevant part:  "You have 60 days to file a civil action (ask for court review); The 60 days start the day after you receive this letter.  We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period; If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file.  You must have a good reason for waiting more than 60 days to ask for court review.  You must make the request in writing and give your reason(s) in the request."  Id.  This information reflected the requirements of the Social Security Act ("SSA") with respect to obtaining court review of an agency decision.  42 U.S.C. § 405(g).

A "cc" notation at the end of the Appeals Council's letter shows that a copy of it was mailed to Pryor at an address on North 7th Street, in Philadelphia.  Id.  Pryor's attorney also mailed her a letter, dated February 5, 2008, informing her that she had until the end of March, 2008, to file with the District Court.  Letter of February 5, 2008, attached to Pryor's Response as Exhibit A.  He, however, mailed the letter to a Patton Street address where Pryor had been living

with her sister for several years while her house underwent repairs after a fire.  Statement of Gail E. Pryor, attached as Exhibit A to Response.

The parties agree that, under the 60-day limit set forth in the SSA, a civil action should have been filed in this case on or before March 31, 2008.  It was not.  Pryor apparently obtained new counsel, who wrote to the Appeals Council on June 5, 2008, requesting an extension of time within which to file a civil action.  He wrote:

> Ms. Pryor did not receive communications from her administrative counsel regarding the claim due to a misunderstanding regarding her address.  She was not aware until June 3, 2008, that she needed to take action to appeal her claim.

Letter of June 5, 2008, attached as Exhibit 3 to the Ortiz Declaration.

The Appeals Council denied Pryor's request for an extension of time, explaining:

> You suggest that there was a misunderstanding between claimant and her attorney regarding her address.  Our records show that the claimant has maintained the same address since she filed her application.  ... You did not provide a convincing reason to support a finding of good cause for late filing.

Letter of August 29, 2008, attached as Exhibit 4 to the Ortiz Declaration.  Pryor nevertheless filed the present action on June 11, 2008.

II.     Legal Standard

As noted above, the SSA provides a 60-day statute of limitation for the filing of a District Court case after a final agency decision denying benefits.  42 U.S.C. § 405(g).  As has also been noted, the Commissioner of Social Security is authorized by the Act to extend this period.  Id.  Therefore, the United States Supreme Court has said that in most cases, the Commissioner will make the determination whether extension is proper.  Bowen v. City of New York, 476 U.S. 467, 480 (1986).

However, cases also arise in which it is appropriate for the District Court to toll the statute, because the equities in favor of tolling are so great that deference to the agency's judgment is inappropriate.  Id., citing Mathews v. Eldridge, 424 U.S. 319, 330 (1976).  In these cases, the traditional principles of equitable tolling apply.  Bowen, supra.

The Court of Appeals for the Third Circuit has written that there are three principal situations in which equitable tolling may be appropriate:  (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994), and see Cardyn v. Commissioner of Social Security, 66 Fed. Appx. 394, 397 (3d Cir. 2003).  The plaintiff bears the burden of establishing the equitable tolling exception.  Courtney v. La Salle Univ., 124 F.3d 449, 505 (3d Cir. 1997).

III.   Discussion

In her response to the Commissioner's Motion to Dismiss, Pryor explains that she had returned to her house on North 7th Street in September, 2007.  Statement of Gail E. Pryor, supra.  She claims that she never received her attorney's letter, which was mailed to Patton Street.  Id.

Pryor also points out that she has been diagnosed with a major depressive disorder and a mild amnestic disorder, i.e., memory difficulties.  The independent consulting psychologist who examined her indicated that she had a marked impairment in her ability to follow detailed instructions, and in responding appropriately to work pressures and work changes.  Report of Marged Linder, Ph.D., attached as Exhibit D to Pryor's Response.

Her new attorney writes:

> Ms. Pryor could have prevented the breakdown in communication by taking a more active role in monitoring the progress of her claim. For example, she could have called her attorney on receipt of the Appeals Council notice, or she could have called her attorney periodically to check on the status of the claim. However, in view of her mental illness and resulting limitations, it is not reasonable to expect her to have done so or fair to penalize her for not having done so.

Response at 5.

Clearly, in terms of Oshiver, Pryor's arguments can only be described as claims that she was prevented from asserting her rights in some extraordinary way. However, I am not persuaded that equitable estoppel is appropriate in this case.

Even Pryor's present counsel seems to understand that it is actually irrelevant whether or not she received the letter from her former attorney, since she does not deny having received the Appeals Council's January 26, 2008, notice clearly setting forth the 60-day statute of limitations, which was mailed to her at the North 7th Street address. Based on her educational and employment history, it is clear that Pryor was capable of understanding the text of the notice.

Mental illness could certainly be a basis for equitable tolling of the statute of limitations in some circumstances. See Penner v. Schweiker, 701 F.2d 256 (3d Cir. 1983). Here, Pryor is alleged to suffer from a major depression and slight memory loss. However, she has not shown any extraordinary reason why she was less able to function at this point than at other times over the five-year history of her benefits claim. Pryor has not alleged a decompensation in her mental condition, and she was not hospitalized, homeless, or in some other special circumstance in which it would be truly unfair to expect compliance with the 60-day deadline. (Penner, by contrast, was a diagnosed schizophrenic who had undergone a frontal lobotomy). Thus, it is hard to distinguish this case from any other in which a mental impairment is alleged.

In summary, Pryor has not met her burden of showing that extraordinary circumstances prevented her compliance with the 60-day deadline. Accordingly, I enter the following:

REPORT AND RECOMMENDATION

AND NOW, this    5th    day of December, 2008, it is RESPECTFULLY RECOMMENDED that Defendant's Motion to Dismiss be GRANTED and that this action be DISMISSED WITH PREJUDICE as untimely.

BY THE COURT:

/s/Jacob P. Hart
_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GAIL E. PRYOR | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | NO.   08-2709 |

O R D E R

ANITA B. BRODY,  J.

AND NOW, this         day of                        , 2009, upon consideration of the Defendant's Motion to Dismiss, and the Plaintiff's Response, and after careful review of the Report and Recommendation of United States Magistrate Jacob P. Hart, IT IS ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED.

2. The Defendant's Motion to Dismiss is GRANTED.

3. This matter is ordered DISMISSED WITH PREJUDICE as untimely.

BY THE COURT:

_____
ANITA B. BRODY, J.